IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| DAVID DEWAYNE REECE, § § § Plaintiff, § § v. § § DIRECTOR, TDCJ-CID, § § § Defendant. § | CIVIL ACTION NO. 6:22-CV-00280-JDK |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner David Dewayne Reece, an inmate confined in the Texas prison system at the commencement of this action, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he was denied due process when the Texas Board of Pardons and Paroles (the "Board") denied him release on discretionary mandatory supervision ("DMS"). (Doc. No. 1.) The petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Upon review, for the reasons stated herein, the court recommends that the petition be dismissed as moot. The court further recommends that Petitioner be denied a certificate of appealability *sua sponte*.

**I. Procedural History**

Petitioner was indicted on one count of injury of a child in cause number 10F0086-202, in the 202nd Judicial District Court of Bowie County, Texas. (Doc. No. 17-3, at 14–16.) On August 2, 2010, Petitioner pleaded guilty to the charge, and the court sentenced him to twenty years'

confinement in the Texas Department of Criminal Justice. *Id.* Petitioner did not appeal his conviction or sentence. *Id.* at 4–5.

Petitioner has filed at least two previous petitions for writ of habeas corpus attacking his underlying conviction and sentence. *See Reece v. Dir., TDCJ-CID*, No. 5:20CV144, 2020 WL 7318303, at *1 (E.D. Tex. Oct. 21, 2020), *report and recommendation adopted*, No. 5:20-CV-00144-RWS, 2020 WL 7318089 (E.D. Tex. Dec. 11, 2020); *Reece v. Livingston*, No. 5:16-cv-00081 (E.D. Tex. Oct. 18, 2016). These petitions were dismissed by the court. He has also filed at least two previous petitions for writ of habeas corpus challenging the Board's decision to deny him parole. *See Reece v. Dir., TDCJ-CID*, No. 6:16v1129 (E.D. Tex. Sept. 22, 2017); *Reece v. Davis*, No. 6:18cv584 (E.D. Tex. June 24, 2020). These petitions were also dismissed by the court.

On April 19, 2022, Petitioner signed a state habeas application challenging the Board's decision to deny him release on DMS. (Doc. No. 17-3, at 19–34.) On May 2, 2022, Judge John L. Tidwell of the Bowie Country District Court denied Petitioner's habeas application, finding that Petitioner received due process before the Board denied him release to mandatory supervision. *Id.* at 64–66. On May 11, 2022, the Texas Court of Criminal Appeals denied his application without written order. (Doc. No. 17-4.) Petitioner signed this federal habeas petition on July 22, 2022, and the court received his petition on July 25, 2022. (Doc. No. 1, at 1–15.) He filed an amended petition on August 18, 2022, which is the operative petition in this action. (Doc. No. 11.) On July 31, 2023, Petitioner notified the court that he had been transferred to a transitional living center. (Doc. No. 28.)

## II. Reece's Petition

Petitioner contends that he was denied due process because he did not receive meaningful notice, a hearing, nor the evidenced used against him by the Board before he was denied release

on DMS. (Doc. Nos. 11, at 5; 11-1 at 2–21.) Petitioner seeks his due process rights under the Fifth and Fourteenth Amendments and enforcement of the intent of the Texas Legislature regarding Tex. Gov. Code. § 508.149, the statute governing inmates ineligible for mandatory supervision. *Id.* at 15.

### III. Respondent's Answer

After being ordered to do so, Respondent filed an answer addressing Reece's petition. (Doc. Nos. 7, 16.) Respondent argues that (1): Petitioner's challenge to the Board's denial of release on DMS in 2020 is time-barred, (2) his challenge concerning the Board's denial of release on DMS in 2022 is unexhausted, and (3) he failed to show that the state court's rejection of his habeas application challenging the Board's 2021 denial of release on DMS was unreasonable. (Doc. No. 16, at 6–13, 20–21.)

### IV. Reece's Reply

Petitioner timely filed a reply to Respondent's answer. (Doc. No. 20.) In his reply, Petitioner contends that he is only challenging the Board's 2021 denial of release to mandatory supervision. *Id.* at 1. He argues that the Board abused their discretion in denying him release to mandatory supervision because he was denied parole eight times for the exact same reasons, and he was denied release on DMS six times for the same reasons. *Id.* He asserts that none of the reasons for denial cited by the Board can be changed because the Board has denied him the opportunity for rehabilitation. *Id.* at 1–2, 6–7. Petitioner maintains that he did not receive meaningful notice and an opportunity to be heard before the Board decided to deny him release to mandatory supervision. *Id.* at 2–6.

### V. Mootness

As acknowledged above, Petitioner recently informed the court that he was released into a transitional living center. (Doc. No. 28.) A subsequent search of the Texas Department of Criminal Justice inmate database yielded no results for Petitioner's name and inmate number, indicating that he is no longer in custody. *See* Texas Department of Criminal Justice, *Inmate Information Search*, https://inmate.tdcj.texas.gov/InmateSearch/start.action ("Only inmates who are currently incarcerated in a TDCJ facility are included in the online search.") (last visited Aug. 2, 2023). Although neither party has raised the subject of mootness, the court is required to independently assess its jurisdiction under Article III. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987); *Donovan v. Air Transp., Dist. Lodge No. 146, Int'l Assn's of Machinists & Aerospace Workers, AFL-CIO*, 754 F.2d 621, 624 (5th Cir. 1985).

Article III, Section 2 of the Constitution requires that there be a live case or controversy for the court to consider the case. A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Tiner v. Jones*, 62 F.3d 392, 1995 WL 449825, at *1 (5th Cir. 1995) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). In order for the court to consider a habeas petition, an inmate must be "in custody" at the time he files the petition. 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). Here, Petitioner was in custody at the time he filed his habeas petition. Petitioner, however, must also meet the live case or controversy requirement of Article III, Section 2 of the Constitution for the court to have jurisdiction. A petition for a writ of habeas corpus is not automatically moot when a petitioner is released from prison, but it becomes moot when the main thrust of the petition is to be released from prison and the petitioner has been released. *Bailey*, 821 F.2d at 278; *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 82 (2021); *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (holding an individual's release from prison did not moot his habeas petition

when he challenged his underlying conviction). In the present case, Petitioner's complaint alleging that the Board violated due process in denying him release to mandatory supervision became moot when he was released to mandatory supervision, as he received the relief sought. Petitioner does not challenge the validity of his underlying conviction or sentence in his petition. The court therefore recommends that his petition for writ of habeas corpus be dismissed as moot.

## VI. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 580 U.S. 100, 115 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (finding that a district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious").

A certificate of appealability may issue only if a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court emphasized that the COA inquiry "is not coextensive with a merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced

5

in support of the claims.'" *Buck*, 580 U.S. at 115 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012)).

Here, the court finds that the dismissal of Petitioner's claims on procedural grounds is not debatable among jurists of reason. Accordingly, he is not entitled to a COA.

## RECOMMENDATION

For the foregoing reasons, the court recommends that Petitioner's federal habeas petition concerning his 2021 denial of release to mandatory supervision be dismissed as moot. The court also recommends that Petitioner be denied a certificate of appealability *sua sponte*.

Within fourteen days after service of the Magistrate Judge's Report, any party must serve and file specific written objections to the findings and recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 3rd day of August, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE